IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COGMEDIA LLC, § | |
| § | |
| Plaintiff § | CASE NO. 1:25-cv-12127 |
| § | |
| vs. § | **JURY TRIAL DEMANDED** |
| § | |
| META PLATFORMS, INC., § | |
| § | |
| Defendant. § | |

**JOINT STATEMENT AND PROPOSED DISCOVERY SCHEDULE**

In accordance with Federal Rule of Civil Procedure Rules 16 and 26, Local Rules 16.1 and 16.6, as well as the Court's Notice of Scheduling Conference (Dkt. 36), the parties submit the following Joint Statement and Proposed Discovery Plan.

1. **Proposed Protective Order.** The parties shall submit a proposed protective order by January 16, 2026.

2. **Proposed ESI Order.** The parties shall submit a proposed ESI order by January 30, 2026.

3. **Plaintiff's Position Regarding Liability and Relief Sought.**

Plaintiff brings this patent infringement action as the owner of all right, title, and interest in United States Patent Nos. 11,036,371, 9,817,562, and 10,664,141 (collectively, "the Asserted Patents" or "the Patents-in-Suit"). Generally speaking, the Patents-in-Suit provide an improved methodology for managing and exchanging information in information processing systems. Plaintiff contends that Defendant directly infringes at least the patented claims set forth in the Original Complaint, incorporated herein by reference. *See* Dkt. No. 1. Plaintiff contends it has been damaged as a result of Defendant's infringing conduct and is thus entitled to an amount that

adequately compensates for such infringement, which by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court.

4. **Defendant's Position Regarding Liability and Relief Sought.**

Defendant contends that it does not infringe any valid or enforceable claim of the now-expired U.S. Patent Nos. 11,036,371, 9,817,562, and 10,664,141. Defendant has filed a motion to dismiss all counts of the Complaint for failure to plausibly plead any claim for infringement. Dkt. No. 24. Because Plaintiff has not and cannot plead facts sufficient for direct infringement—specifically, that Defendant performs every step of the claimed methods—and failed to plead any facts to support the knowledge elements for indirect infringement, Defendant requests the Court dismiss the Complaint with prejudice. Defendant reserves the right to seek attorneys' fees and/or costs as appropriate.

5. **Reassignment to a Magistrate Judge.** The parties do not consent to reassignment of the case to a magistrate for all purposes.

6. **Initial Disclosures.** Initial disclosures required by Fed. R. Civ. P. 26(a)(1) and by this Court's Notice of Scheduling Conference must be completed by twenty-one (21) days after the parties' Rule 26 conference.

7. **Discovery.**

   A. **General Discovery.**

The parties agree to the discovery limitations set forth in FRCP 26 with the following clarifications.

The parties agree to a maximum of 25 interrogatories per party.

The parties agree to a maximum of 50 requests for admission per party; however, the limit does not apply to requests for admission made solely for the purpose of authenticating documents.

The parties agree that each party is limited to 56 total hours of fact witness deposition testimony.  30(b)(6) deposition is included within the 56 total hours.

The parties agree that each party is limited to 7 total hours of expert witness deposition testimony for each expert retained by the opposing party.  Should an expert issue expert reports on separate topics (e.g., invalidity and non-infringement), he or she may be subject to additional depositions of up to 7 hours, one for each report.

Notwithstanding the preceding provisions, the parties agree that no deposition of a witness shall exceed 7 total hours on the record in a single day.

### B.     Venue Discovery.

**Plaintiff's Position**:  Notwithstanding the foregoing, if Defendant files a motion to transfer venue, then in addition to the discovery set forth in Section 7(A) above, Plaintiff should be entitled to take discovery targeted to the content raised by Defendant's transfer motion. The Court has broad discretion to permit venue discovery as it does with jurisdictional discovery.  The number of venue-related interrogatories, requests for production, requests for admission, depositions, and/or deposition hours, etc. for venue discovery shall be limited only by Fed. R. Civ. P. 26(b)(1). To the extent that a party disputes the relevance or proportionality to the needs of the case, the parties shall contact the Court for a telephonic hearing. Normal deadlines under the Local Rules for venue response and reply briefing would not apply.  Rather, the parties would work cooperatively to schedule deadlines for response and reply briefing after venue discovery has been completed and then they shall notify the Court of such filing dates.  To the extent that a party disputes the time for completion of venue discovery or the dates for response and reply briefing, the parties shall contact the Court for a telephonic hearing.

**Defendant's Position**: No separate period of venue discovery is required in this case. The local rules in this District, including the Scheduling Procedures for patent cases under L.R. 16.6, do not contemplate venue discovery to be conduct separate and apart from the normal course of discovery. Plaintiff does not identify any reason for this Court to depart from the normal practices of this District. Nor is venue discovery appropriate in this case. Defendant's transfer motion is straight-forward and the underlying facts are not disputable—Meta has no relevant employees or documents in Massachusetts and the core of Meta's relevant technology and finance teams are located in Northern California. Upon reviewing Defendant's motion to transfer, should Plaintiff still believe it requires venue discovery and can articulate specific facts necessitating such discovery, Defendant is willing to meet and confer with Plaintiff to determine what, if any, venue discovery is appropriate. At that time, the parties can file a joint notice to the Court.

8. **Schedule.**

**Plaintiff's Position:** Plaintiff opposes Defendant's request to stay the schedule pending resolution of Defendant's motion to dismiss and motion to transfer venue. Plaintiff likewise opposes any request to stage discovery or the schedule pending Defendant's motion to dismiss and motion to transfer venue.

**Defendant's Position:** To avoid unnecessary expense, Defendant proposes staying the schedule until Defendant's motion to dismiss and motion to transfer are resolved. If the Court grants either one of these motions, it will be dispositive of the issues remaining before this Court.

If the Court decides to set a schedule in the case while Defendant's motions remain pending, the parties propose the following schedule. Such schedule in summary chart form is attached hereto.

a. **Identification of Asserted Claims**. Plaintiff shall serve in good faith an identification of asserted claims by **January 5, 2026**. Such identification shall be preliminary and non-binding, and Plaintiff expressly reserves the right to assert different or additional claims in its Infringement Contentions. The parties agree to meet and confer 7 days after the close of fact discovery and 7 days after the close of expert discovery to discuss claim and prior art narrowing as needed.

b. **Infringement Contentions**. Plaintiff shall serve its infringement contentions and required documentation pursuant to LR 16.6(d)(1) by **February 4, 2026**. Amendments to contentions shall be governed by LR 16.6(d)(5).

c. **Meet and Confer.** The parties shall confer regarding disclosure disputes pursuant to LR 16.6(d)(2) by **February 25, 2026**.

d. **Invalidity and Noninfringement Contentions.** Defendant shall serve its invalidity contentions and required documentation pursuant to LR 16.6(d)(4) by **March 18, 2026.** Amendments to contentions shall be governed by LR 16.6(d)(5).

e. **Exchange of Terms and Meet and Confer.** The parties will simultaneously exchange a list of terms to be construed and their proposed constructions pursuant to LR 16(e)(1) by **April 8, 2026**. The parties will meet and confer regarding claim terms on **April 15, 2026**.

f. **Joint Claim Construction Statement.** The parties will submit a joint claim construction statement on **April 22, 2026**.

g. **Opening Claim Construction Briefs.** Opening claim construction briefs must be filed by **May 13, 2026**.

    h.    **Responsive Claim Construction Briefs.** Responsive claim construction briefs must be filed by **June 24, 2026**.

    i.    **Tutorials.** Claim construction tutorials are due fourteen (14) days before the Claim Construction hearing.

    j.    **Claim Construction Hearing.** Per LR 16, the claim construction hearing will be held within 9 months of the Scheduling Conference, subject to the court's convenience.

    k.    **Amendments to Pleadings.** Except for good cause shown, no motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed after twenty-eight (28) days following the entry of a Claim Construction Order.

    l.    **Written Discovery.** All written discovery must be served by sixty (60) days before close of fact discovery.

    m.    **Opinions of Counsel.** If a party is relying on an opinion of counsel, the last day to provide the written opinion and summary of the opinion, along with any privilege log, (LR 16.6(f)(1-2)) is twenty-eight (28) days after entry of a Claim Construction Order.

    n.    **Close of Fact Discovery.** All discovery and depositions, other than expert discovery, must be completed by fifteen (15) months after the Scheduling Conference or sixty (60) days after the entry of a Claim Construction Order, whichever is later.

    o.    **Expert Discovery.**

        i.    **Identification of Experts.** Trial expert witnesses will be identified within 60 days of the claim construction ruling.

        ii.      **Initial Expert Reports.** Initial expert reports for the party that bears the burden shall be served 45 days after the close of fact discovery.

        iii.      **Rebuttal Expert Reports.** Rebuttal expert reports shall be served 30 days after initial expert reports.

    p.      **Close of Expert Discovery.** Expert discovery closes 30 days after rebuttal expert reports.

    q.      **Summary Judgment and *Daubert* Motions.** Motions for Summary Judgment and *Daubert* motions must be filed by forty-five (45) days after close of expert discovery.

    r.      **Oppositions to Summary Judgment and *Daubert* Motions.** Oppositions Motions for Summary Judgment and *Daubert* motions must be filed within thirty (30) days after service of the motion.

    s.      **Replies to Summary Judgment and *Daubert* Motions.** Replies to Motions for Summary Judgment and *Daubert* motions must be filed within twenty-one (21) days after service of the response.

9.      **Amendments to the Schedule.** The parties may request to extend a deadline or to amend the scheduling order, provided that (1) such request is unopposed or agreed to between the parties, (2) such request does not change the date of any hearing, trial, or other Court date, and (3) such request does not extend any deadline of a final submission that affects the Court's ability to hold a scheduled hearing, trial, or Court event. Extensions for final submission deadlines at least one month before a scheduled hearing, trial, or Court event will not affect the Court. The parties shall file any such request as a notice or stipulation to the Court, instead of a motion.

## **CERTIFICATIONS**

The parties have conferred with their clients as required by Local Rule 16.1(d)(3). Certifications contemplated by Local Rule 16.1(d)(3) are attached to this Joint Statement as Exhibit "B."

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| */s/ Jonathan T. Suder* | */s/ Matthias A. Kamber* |
| Jonathan T. Suder (pro hac vice) | PAUL HASTINGS LLP |
| (Texas Bar # 19463350) | 200 Clarendon Street, 49th Floor |
| Michael T. Cooke (pro hac vice) | Boston, MA 02116 |
| (Texas Bar # 04759650) | Tel: (415) 856-7050 |
| Dave R. Gunter (pro hac vice) | Fax: (415) 856-7150 |
| (Texas Bar # 24074334) | |
| Alexander Yow | Matthias A. Kamber (Mass BBO #654217) |
| (Texas Bar # 24143547) | PAUL HASTINGS LLP |
| FRIEDMAN, SUDER & COOKE | 101 California St., 48th Floor |
| 604 East 4th Street, Suite 200 | San Francisco, CA 94111 |
| Fort Worth, TX 76102 | Tel: (415) 856-7050 |
| 817-334-0400 | Fax: (415) 856-7150 |
| jts@fsclaw.com | matthiaskamber@paulhastings.com |
| mtc@fsclaw.com | |
| gunter@fsclaw.com | Lisa Nguyen (*pro hac vice*) |
| ayow@fsclaw.com | Eric Lancaster (*pro hac vice*) |
| | Joshua Yin (*pro hac vice*) |
| Kerry Timbers (BBO # 552293) | Michelle Zhang (*pro hac vice*) |
| Kevin R. Mosier (BBO # 703739) | PAUL HASTINGS LLP |
| SUNSTEIN LLP | 1117 S. California Ave. |
| 100 High Street, 20th Floor | Palo Alto, CA 94304 |
| Boston, MA 02110-2321 | Tel: (650) 320-1800 |
| 617-443-9292 | Fax: (650) 320-1990 |
| ktimbers@sunsteinlaw.com | lisanguyen@paulhastings.com |
| kmosier@sunsteinlaw.com | ericlancaster@paulhastings.com |
| | joshuayin@paulhastings.com |
| **ATTORNEYS FOR PLAINTIFF COGMEDIA LLC** | michellezhang@paulhastings.com |
| | Diane Ghrist (pro hac vice) |
| | PAUL HASTINGS LLP |
| | 2050 M Street NW |
| | Washington, DC 20036 |
| | Tel: (202) 551-1700 |
| | Fax: (202) 551-1474 |
| | dianeghrist@paulhastings.com |
| | **ATTORNEYS FOR DEFENDANT META PLATFORMS, INC.** |