UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COGMEDIA LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>META PLATFORMS, INC., )<br>)<br>Defendant. )<br>) | Civil Action No.<br>25-12127-BEM |

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO TRANSFER

**MURPHY, J.**

Defendant's motion to transfer to the Northern District of California is denied.

**I.   Background**

On July 30, 2025, Plaintiff Cogmedia LLC filed a complaint against Defendant Meta Platforms, Inc. alleging patent infringement. Dkt. 1. On December 12, 2025, Meta moved to transfer the case to the Northern District of California. Dkt. 47. Meta does not dispute that venue is proper in this District or that this Court has personal jurisdiction over the parties. *Id.*

**II.   Standard of Review**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). When weighing a motion to transfer, courts in this District consider "1) the plaintiff's choice of forum, 2) the relative convenience of the parties, 3) the convenience of the witnesses and location of documents, 4) any connection between the forum and the issues, 5) the law to be applied and 6) the state or

public interests at stake." *Avci v. Brennan*, 232 F. Supp. 3d 216, 219 (D. Mass. 2017). The defendant bears the burden of "proving that a transfer is warranted." *Momenta Pharms., Inc. v. Amphastar Pharms., Inc.*, 841 F. Supp. 2d 514, 522 (D. Mass. 2012).

## III.  Discussion

### A.  Plaintiff's Choice of Forum

"While the decision to transfer a case under § 1404 lies solely within the discretion of the trial court, there is a presumption in favor of the plaintiff's choice of forum." *Id.* Cogmedia is a Massachusetts corporation with a principal place of business in "the Boston metro area." Dkt. 1 ¶ 1. Cogmedia's sole managing member, Dr. Paul Keel, received his Ph.D. from the Massachusetts Institute of Technology, where he developed the patented technology at issue. *Id.* ¶¶ 20–25; Dkt. 57-2 ¶ 1. Dr. Keel is a longtime resident of this District. Dkt. 57-2 ¶ 3. As such, Cogmedia elected to bring suit in its home district, the District of Massachusetts. Dkt. 1 ¶ 1. That choice is entitled to considerable weight. *See Kleinerman v. Luxtron Corp.*, 107 F. Supp. 2d 122, 125 (D. Mass. 2000) ("When a plaintiff chooses his home forum, the choice more likely represents considerations of convenience rather than vexation or harassment to the defendant, thus elevating the hurdle the defendant is required to clear to warrant transfer."). Accordingly, this factor strongly disfavors transfer.

### B.  Relative Convenience of the Parties

For the reasons Meta raises, litigating in the Northern District of California would doubtless be more convenient for Meta than litigating in the District of Massachusetts. Dkt. 48-1 at 12–13. For Cogmedia, the reverse is true. "The presumption in favor of a plaintiff's choice of forum renders transfer inappropriate where its effect is merely to shift the inconvenience from one party to the other." *Sigros v. Walt Disney World Co.*, 129 F. Supp. 2d 56, 71 (D. Mass. 2001). Accordingly, this factor also disfavors transfer.

### C.  Convenience of Witnesses and Location of Documents

When evaluating the convenience of witnesses, courts consider "the number of potential witnesses located in both the transferor and the transferee district, the nature and quality of their testimony, and whether the witnesses can be compelled to testify." *Blue Cross & Blue Shield of Mass., Inc. v. Regeneron Pharms., Inc.*, 633 F. Supp. 3d 385, 390 (D. Mass. 2022) (citation omitted).  Both parties identify potential witnesses for whom their chosen forum would be more convenient.  However, Meta has identified as witnesses many of its own California-based employees, whose convenience is entitled to less weight under this factor.  *Id.* (explaining that "the court is ordinarily concerned with the location of witnesses who are not parties or employees of the parties," because parties can obtain the presence of their own employees at trial).

As to documents, "[i]n patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer.  Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *ViaTech Techs., Inc. v. Adobe Inc.*, 2020 WL 1235470, at *4 (D. Mass. Mar. 13, 2020) (quoting *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009)).  The relevant documents in this case are largely in California.  However, given the ease of electronic transfer today, the location of such documents is entitled to less weight.  *Id.* Therefore, this factor, at best, slightly favors transfer.

### D.  Connection Between Forum and Issues

Both this District and the Northern District of California have an interest in this litigation. The patented invention was developed in the District of Massachusetts, in which the patent owner, Cogmedia, also has its principal place of business. Dkt. 1 ¶¶ 1, 19, 22–25.  However, the Northern District of California has a greater interest in the outcome, as "[t]he accused features and functionalities were primarily designed, developed, tested, and continue to be maintained in Meta's Menlo Park headquarters," which is also Meta's principal place of business.  Dkt. 48-1 at 17;

Dkt. 1 ¶ 2; *see IMS Glob. Learning Consortium, Inc. v. Schs. Interoperability Framework Ass'n*, 2018 WL 662479, at *4 (D. Mass. Feb. 1, 2018). Therefore, this factor weighs slightly in favor of transfer.

### E.     Law to Be Applied

The parties agree that either district is equipped to apply the relevant law. Accordingly, this factor is neutral.

### F.     Public Interest Factors

"Public interest factors considered in a Section 1404 analysis include administrative difficulties flowing from court congestion." *Teva Pharms. Int'l GmbH v. Eli Lilly & Co.*, 2019 WL 1767394, at *5 (D. Mass. Apr. 22, 2019) (internal quotation marks omitted). However, Meta's argument that transfer is preferable because the median time to jury trial in patent cases is a few months shorter in the Northern District of California than in this District is unpersuasive. Indeed, judicial economy slightly disfavors transfer because this Court is already familiar with the issues in the case after holding a hearing on and adjudicating Meta's motion to dismiss. *See Kleinerman*, 107 F. Supp. 2d at 126 (considering judicial economy).

In sum, Meta's arguments in favor of transfer are insufficient to outweigh the substantial weight to which Cogmedia's choice of forum is entitled. *See id.* at 125; *see also Teva Pharms.*, 2019 WL 1767394, at *5 ("Any convenience [Defendant] might gain from litigating in [the proposed district] based on [Defendant's] outsized presence in [that district] does not outweigh the presumption in favor of [Plaintiff's] selected forum.").

## IV.     Conclusion

For the foregoing reasons, Defendant's motion to transfer is DENIED.

**So Ordered.**

                                                                            /s/ Brian E. Murphy  
                                                                            Brian E. Murphy  
Dated: January 26, 2026                    Judge, United States District Court